IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-3627-G-BN |
| MARIA DE LA FUENTE, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that this case should be remanded to state court.

**Background**

Defendant Maria De La Fuente, proceeding *pro se*, has removed this civil action arising out of forcible detainer proceedings brought in state court by Plaintiff The Bank of New York Mellon Trust Company, N.A., as Trustee on behalf of CWABS Asset Backed Certificates Trust 2006-2 by Green Tree Servicing, L.L.C. to this Court.

In the Notice of Removal, Defendant alleges that the Court has jurisdiction over this matter on both diversity jurisdiction and federal question grounds. *See* Dkt. No. 3. Defendant failed to attach to the Notice of Removal a copy of all process, pleadings, and orders served on Defendant in the state court action. Moreover, no facts are

alleged to show that either federal question jurisdiction or diversity jurisdiction is proper.

After reviewing the Notice of Removal [Dkt. No. 3], the undersigned *sua sponte* questioned whether removal is proper. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction). As a result, the undersigned issued an order permitting Defendant to provide facts supporting the diversity jurisdiction and/or federal question jurisdiction alleged in Defendant's notice of removal. See Dkt. No. 4.

Plaintiff then timely filed a Motion to Remand on October 21, 2014, arguing that remand is required because the Court lacks subject matter jurisdiction and the removal contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule. *See* Dkt. No. 5.

Defendant has not responded to the Court's order or Plaintiff's Motion to Remand, and her time to do so has passed. *See* Dkt. No. 4; Dkt. No. 6.

The undersigned concludes that remand is required where Defendant's removal of this action was defective because it contravened 28 U.S.C. § 1441(b)(2)'s forum-defendant rule and Defendant has failed to meet the burden to establish that jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's Motion to Remand [Dkt. No. 5] should be granted.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may

only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Analysis**

Plaintiff seeks to remand this case because (1) no federal question is raised by the Original Petition for Forcible Detainer and (2) Defendant's removal contravened the forum-defendant rule. *See* Dkt. No. 5 at 1-2. The undersigned concludes that remand is required and Plaintiff's Motion to Remand [Dkt. No. 5] should be granted because (1) Defendant has failed to meet her burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action and (2) the case's removal contravenes Section 1441(b)'s forum-defendant rule.

Lack of Subject Matter Jurisdiction

Remand is required because the Court lacks subject matter jurisdiction where Defendant failed to establish the amount-in-controversy requirement or that federal question jurisdiction exists.

*( A) 28 U.S.C. § 1332 Diversity Jurisdiction*

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). Here, Defendant has not alleged or established facts to show that diversity jurisdiction is proper. *See* Dkt. No. 3.

The Notice of Removal does not address the citizenship of the parties, *see* Dkt. No. 3, but, on the Civil Cover Sheet, Defendant identifies herself as a citizen of Texas and Plaintiff as a citizen of South Dakota, *see* Dkt. No. 3-1 at 1 of 4.

But, although the parties may be completely diverse, there are no allegations in the Notice of Removal concerning the amount in controversy. If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Vendor Res. Mgmt. v. Hernandez*, No. 3:13-cv-2892-G-BN, 2013 WL 5405463, at *2 (N.D. Tex. Sept. 26, 2013) (citing cases).

Here, the record is devoid of any evidence or argument to establish the value of

the right to possess or occupy the property at issue or that the value of that right exceeds $75,000.

Accordingly, the undersigned concludes that Defendant has failed to satisfy her burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

*(B) 28 U.S.C. § 1331 Federal Question Jurisdiction*

Defendant has also failed to establish federal question jurisdiction under 28 U.S.C. § 1331.

Federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted). To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of

federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

The removal papers make clear that, to support jurisdiction in this Court, Defendant alleges a federal question based on a defense or counterclaim that she seeks to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 3 at 2. In the Notice of Removal, Plaintiff alleges that there is a federal question as the result of "the taking of real property by an illegal non-judicial foreclosure methodology without due process." *Id.*

But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see*

*also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

In the Notice of Removal, Defendant did not allege, much less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question

or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. Defendant also did not attach a complete copy of the state court petition so that the Court could review the state court petition's claims. But the first page of the Original Petition for Forcible Detainer was attached to the Supplemental Civil Cover Sheet for Cases Removed from State Court, and there are no allegations on that page to support federal question jurisdiction. *See* Dkt. No. 3-1 at 4 of 4. And Plaintiff's Motion to Remand represents, as the rest of the record already indicates, that "the removed action was a Forcible Detainer action seeking possession of property only, after a foreclosure." Dkt. No. 5 at 2.

Defendant has failed to satisfy her burden to establish that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a]

justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). There is no state action in a non-judicial foreclosure and subsequent forcible detainer action. *See Barrera v. Security Bldg. & Inv. Corp.,* 519 F.2d 1166, 1174 (5th Cir. 1975). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *accord U.S. Bank Nat'l Ass'n v. McAfee,* No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

Remand is required because the Court lacks subject matter jurisdiction.

<u>28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule</u>

Further, insofar as Defendant removed on the basis of diversity jurisdiction, remand is appropriate on the basis of the forum-defendant rule, which Plaintiff has raised. See Dkt. No. 5 at 2.

An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. See 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective).

Defendant has represented that she is a citizen of Texas – the same state in which Plaintiff filed the underlying eviction proceeding. See Dkt. No. 3-1 at 1 of 4; *see*

*also* Dkt. No. 3 at 3. And Defendant has not argued or established that she was not properly joined and served in the state court action and, on the Supplemental Civil Cover Sheet for Cases Removed from State Court, appears to acknowledge that she was served and has appeared and answered in state court. *See* Dkt. No. 3-1 at 3 of 4.

Accordingly, insofar as Defendant removed on the basis of diversity jurisdiction, the case should be remanded for this reason as well.

Request for Attorneys' Fees

Finally, because Defendant's removal was wrongful, Plaintiff seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 5 at 2. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Where Defendant is proceeding *pro se*, the undersigned does not find that she had no "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). While this case should have not been removed, the undersigned recommends that, in the interest of justice, the Court exercise its discretion to decline to award Plaintiffs' requested costs, expenses, and attorneys' fees in light of Defendant's *pro se* status. *See Elliott*, 2010 WL 4627833, at *5 (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se*).

**Recommendation**

The undersigned concludes that the removal of the action *The Bank of New York Mellon Trust Company, N.A. v. Maria De La Fuente and/or All Occupants*, Cause No.

JE14-02819L, was defective because it violated the forum-defendant rule and the Court lacks subject matter jurisdiction over this action as removed and docketed as Case No. 3:14-cv-3627-G-BN. Accordingly, the undersigned recommends that the Court grant Plaintiff's Motion to Remand [Dkt. No. 5] and remand the action to the Justice Court, Precinct 4-2, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 7, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE